NAHUM COLE *vs.* OLIN RAYMOND & others.

An heir and residuary devisee, who has given bond as such devisee to pay the debts of his testator, is estopped to set up a subsequent title as heir of the testator's wife, against a warranty deed made by the testator of her land, although all right of action upon the ovenants in that deed is barred by the statute of limitations.

SHAW, C. J. Cases growing out of this same transaction have been several times before this court, and the facts are numerous and somewhat complicated. *Raymond* v. *Holden*, 2 Cush. 264. *Holden* v. *Fletcher*, 6 Cush. 235. But the question of law presented in this case is quite distinct from either one before decided.

This is a petition for partition by Cole, claiming one eighth of the estate in fee, and raises therefore a question of legal title. This he claims under a deed from Benjamin Fletcher to him, made and delivered since the death of Joseph Fletcher, father of Benjamin. This changes it to the question whether Benjamin Fletcher had any title which he could then convey. His deed purported to convey all the title which accrued to him as heir of his mother. As heir of his mother, he undoubtedly would have taken an eighth, which would have remained in him, to pass by this deed, if it had not in the mean time been altered and changed by acts done, so that he had ceased to stand merely as heir of the share inherited from his mother; and this raises the real question in the present case upon the facts agreed.

It then appears that the estate sought to be divided was formerly the estate of Simon Tuttle in fee; that at the time of the settlement and distribution of his estate Lucy Fletcher was one of his daughters, and to her were assigned these shares, for reasons stated. She was then the wife of Joseph Fletcher, father of Benjamin; and thereupon, on the assignment of these shares to her, he became inchoate tenant by the curtesy, and as such became seised of the estate for his life only. But for some cause, not explained, the said Joseph Fletcher, by two several deeds, did convey the estate in fee, with full covenants of war-

ranty, to various persons, under whom the respondents claim title; and it seems clear, that if that deed of Joseph Fletcher could operate and enure to the grantees and respondents as an estate in fee, then the petitioner has no title. But it is contended, that as Joseph Fletcher had a life estate only, his conveyance was inoperative to carry any larger interest; and that in the reversion, expectant on the termination of that life estate, which was in the mother and her heirs, Benjamin, to the extent of one eighth, took the interest as heir of his mother, and thus that eighth passed to the petitioner by his deed.

It is a well established rule of law, that although a deed, as a present conveyance, transfers only the title which the grantor then has, yet if it is a deed in fee, with warranty, it has a further operation as a covenant real running with the land, by which the grantor and his heirs are bound to make it good, so that if the grantor has no good and sufficient title to the estate, yet if he or they afterwards acquire a good title, it forthwith enures to the benefit of the grantee, to the same extent as if the grantor and warrantor had had the same good title at the date of the grant and warranty, to operate by way of estoppel, if the action be brought in such form that it may be pleaded by way of estoppel; otherwise, by way of rebuttal to the claim of any one bound by such warranty. *Bates* v. *Norcross*, 17 Pick. 14.

Now it appears in the present case, that Joseph Fletcher's father, being thus bound by his covenant of warranty, made a will, by which he made his son Benj min, already an heir, residuary devisee and sole executor, and thereupon Benjamin, as he by law might do, gave bond to pay all his father's debts and legacies, and thereby expressly took upon himself the obligation of such warranty, if indeed he would not have been equally bound as heir. In the mean time Benjamin had acquired a good title in fee, by inheritance from his mother, which good title, according to the rule above mentioned, had, by force of the warranty, enured to the benefit of his father's grantees, by way of estoppel or rebuttal, and of course did not remain in himself.

It is no answer to this, that an action has been brought on

the covenant of warranty and held to be barred by the statute of limitations. *Holden* v. *Fletcher,* 6 Cush. 235. A covenant of warranty in a deed of conveyance of land, whilst it is a covenant real, and runs with the land, and binds the grantor and his heirs by its force as a covenant real, is also a personal covenant; and if a breach occurs in the lifetime of the warrantor, an action will lie against him to recover damages; or if a breach occurs before the final settlement of the estate, an action will lie against his personal representatives. When the covenant is thus treated as a personal contract, and sought to be enforced as such by personal action, it must be treated in all respects as a personal obligation; the usual incidents to the conduct of a personal action will be applied. But this will not affect the covenant real in its broader application. The result is that no estate passed by the deed of Benjamin Fletcher to the petitioner, and that this petition cannot be maintained.

*Petition dismissed.*

*B. F. Butler & B. Russell,* for the petitioner, cited *Somes* v. *Skinner,* 3 Pick. 52; *Doe* v. *Oliver,* 10 B. & C. 186; *White* v. *Patten,* 24 Pick. 324; *Allen* v. *Sayward,* 5 Greenl. 227.

*J. G. Abbott & S. A. Brown,* for the respondents, cited *Morse* v. *Aldrich,* 19 Pick. 449; *Stebbins* v. *Smith,* 4 Pick. 97; *Jones* v. *Richardson,* 5 Met. 247; *Bates* v. *Norcross,* 17 Pick. 14; *Colwel'* v. *Alger,* 5 Gray, 67; Co. Lit. 365 *b.*